SAMUEL J. BLOOMINGDALE et al., Appellants, *v.* JOHN McKEE, Respondent.

(Supreme Court, Appellate Term, First Department, December, 1916.)

Chattel mortgages — what is covered by — when chattel mortgage does not take effect — when title to piano passes — sales — what invalidates written instrument.

> Until the actual delivery of a piano to an intending purchaser, with intent to pass the title, a chattel mortgage thereon given by him does not take effect.

> Before the delivery of a piano to an intending purchaser he signed and handed to the sellers' representative a chattel mortgage describing the piano but left its number blank, no particular piano having been selected or delivered, and after a selection had been made the sellers filled in said blank. Held, that in so doing they merely made the instrument conform to the intention of the parties and completed the description of the article covered by the mortgage, and that in an action thereon a dismissal of the complaint on the ground of a material alteration of the mortgage after delivery was error for which a judgment entered thereon should be reversed and a new trial ordered.

> Only an unauthorized and material alteration of a written instrument invalidates it.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, dismissing the complaint at the close of the plaintiff's case.

C. Bertram Plante, for appellants.

Cravath & Henderson (Henry E. Chapin and Robert E. McMath, of counsel), for respondent.

LEHMAN, J.   The plaintiffs sue upon a chattel mortgage which they claim was made and delivered by the

defendant. The plaintiffs produced testimony to show that the defendant agreed to buy a piano from them at an agreed price. Before he had selected the particular piano which was to be delivered to him he signed the chattel mortgage and handed it to the plaintiffs' representative. The chattel mortgage naturally could not take effect until a piano had been actually delivered to the defendant and title passed to him. The mortgage described the piano which the defendant agreed to buy but left blank the number of the piano, since no particular piano had been selected or delivered. The defendant thereafter selected a piano and it was delivered to him. The plaintiffs then filled in the blank left in the chattel mortgage with the number of the piano so selected and delivered. At the close of the plaintiffs' case the trial justice dismissed the complaint on the ground that the plaintiffs had materially altered the mortgage after delivery.

So far as the plaintiffs' testimony shows there is no question but that the mortgage was delivered to take effect after a piano had been selected and delivered and this contingency has now occurred. The number of the piano was necessarily left blank when the mortgage was signed because the parties did not know what particular piano would eventually be covered by the mortgage. In leaving the number blank the parties must have contemplated either that the plaintiffs should have power to fill in the blank and thus complete the instrument or that the blank was immaterial and that parol testimony could be given to show the number of the piano actually selected and delivered thereafter. No other hypothesis for the signing and conditional delivery of the mortgage in blank is possible.

The plaintiffs, according to their testimony, filled in the number of the piano actually selected and deliv-

Supreme Court, Appellate Term, December, 1916. [Vol. 97.

ered. In so doing they merely made the instrument conform to the intention of the parties and completed the description of the article covered by the chattel mortgage. They did not, in the slightest degree, alter the obligation which the defendant had assumed under the instrument as signed by him. Their act constituted an alteration of the physical instrument but it was either an authorized or immaterial alteration. An alteration invalidates an instrument only when it is unauthorized and material.

It follows that the judgment should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

WHITAKER and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.